**Dale FOWLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–99–255–CR.**

Court of Appeals of Texas,
Waco.

March 22, 2000.

Rehearing Overruled April 26, 2000.

W.V. Dunnam, Dunnam & Dunnam, Waco, Bennett Brantley Aufill, III, Hillsboro, for appellant.

John W. Segrest, Crim. Dist. Atty., Amy H. Eisenbeck, Asst. Dist. Atty., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

PER CURIAM.

Dale Fowler pled nolo contendere pursuant to a plea bargain agreement to the offense of falsely holding oneself out as a lawyer. TEX. PENAL CODE ANN. § 38.122 (Vernon 1994). A finding of guilt was deferred, and he was placed on community supervision for 2 years. Fowler signed a waiver of right to appeal, but then filed a notice of appeal. The State has filed a motion to dismiss, alleging that Fowler's notice of appeal was untimely, that Fowler's general notice of appeal is insufficient to confer jurisdiction on this Court and that Fowler had validly waived his right to appeal. We dismiss the appeal for want of jurisdiction.

The trial court pronounced Fowler's sentence in open court on August 9, 1999. His notice of appeal was filed with the trial court on September 9, 1999. No motion for new trial was filed. According to our rules of appellate procedure, a notice of appeal for a criminal case must be filed:

> (1) within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order . . .

TEX.R.APP. P. 26.2(a)(1). Fowler's notice of appeal was filed on the 31st day after his sentence was suspended in open court.

A notice of appeal which complies with the requirements of Rule 26 is essential to vest a court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 209 (Tex.Crim.App.1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *Slaton*, 981 S.W.2d at 209; *Olivo*, 918 S.W.2d at 523. Thus, unless there is an exception to the application of this rule in this case, we have no jurisdiction of this appeal.

The Texas Supreme Court held in *Verburgt*

> ... that a motion for extension of time is necessarily implied when an appellant acting in good faith files a bond beyond the time allowed by Rule 41(a)(1), but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline under Rule 41(a)(2) ... we reverse the judgment of the court of appeals and remand to that court to allow it to determine whether Verburgt offered a reasonable explanation for his failure to timely file his bond.

*Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997).

The Supreme Court specifically noted that the rule as applied in civil cases was more liberal than in criminal cases. *Id* at 616. *Verburgt* involved the application of the former rules invoking the court of appeals jurisdiction in a civil case by filing a cost bond. *Verburgt* has been applied to the current requirement for filing a notice of appeal to invoke appellate jurisdiction. *Coronado v. Farming Technology, Inc.,* 994 S.W.2d 901 (Tex.App.—Houston [1st Dist.] 1999, no pet.); Tex.R.App. P. 26.

Fowler has not asked us to apply *Verburgt* to his criminal case. The Court of Criminal Appeals has specifically, consistently and recently held that an untimely notice of appeal does not invoke appellate jurisdiction. *Slaton v. State,* 981 S.W.2d 208 (Tex.Crim.App.1998). The Court has used strong and clear language to hold that an untimely notice of appeal without a motion for extension of time does not invoke the jurisdiction of an appellate court. In *Olivo,* the Court analyzed the issue as follows:

> "Jurisdiction of a court must be legally invoked, and when not legally invoked, the power of the court to act is as absent as it if did not exist." [citation omitted] When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the pur-

ported appeal in any manner other than by dismissing it for lack of jurisdiction. In that instance, a court of appeals lacks jurisdiction over the purported appeal, and therefore, lacks the power to invoke Rule 2(b) ... in an effort to obtain jurisdiction of the case. Consequently, a court of appeals may not utilize Rule 2(b) ... to create jurisdiction where none exists. [citation omitted]

*Olivo v. State,* 918 S.W.2d 519, 523 (Tex. Crim.App.1996).

After *Verburgt* was decided by the Texas Supreme Court, the Court of Criminal Appeals was specifically invited by the Austin Court of Appeals to re-examine *Olivo. Williams v. State,* 957 S.W.2d 949, 950 (Tex.App.—Austin 1997, no pet.). The Court of Criminal Appeals did not accept the invitation.

Given the strength of the language used by the Court of Criminal Appeals directly on the issue, the recency with which they have reaffirmed their holding, the refusal to accept the invitation to reconsider their holding in light of the Texas Supreme Court's holding in *Verburgt* and the Texas Supreme Court's recognition in *Verburgt* of the difference between the approaches in civil and criminal cases, we do not believe we are in the position to harmonize the differing constructions given the rules of appellate procedure in civil and criminal cases by the State's two high courts. *See Clewis v. State,* 922 S.W.2d 126, 129 (Tex. Crim.App.1996); *Johnson v. State,* —— S.W.3d ——, ——, No.1915–98, slip op. at 18, 2000 WL 140257 (Tex.Crim.App. February 9, 2000).

■ Fowler's notice of appeal was untimely according to Rule 26. We are without jurisdiction to consider the merits of his appeal. *See Slaton,* 981 S.W.2d at 209; *Olivo,* 918 S.W.2d at 523. The State's motion to dismiss is granted. Fowler's appeal is dismissed for want of jurisdiction.