Brandy Lee Morris v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-302-CR

Â Â Â Â Â BRANDY LEE MORRIS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 1999-894-C
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Brandy Morris pled guilty to aggravated sexual assault and was sentenced to twenty yearsâ
imprisonment. Morris was sentenced on June 15, 2000. As part of the plea agreement, Morris
waived his right to appeal. On July 6, 2001, Morris filed a letter with the District Clerk in which
he requested DNA testing under Chapter 64 of the Code of Criminal Procedure. The clerk
informed Morris that his request would have to be directed to the court in the form of a motion. 
The record does not contain a motion regarding DNA testing. On September 21, 2001, Morris
filed a notice of appeal in which he asserts that his sentence was excessive, counsel misrepresented
his rights, and counsel failed to file any motions on his behalf. We dismiss this cause for want
of jurisdiction.
Â Â Â Â Â Â According to the Rules of Appellate Procedure, a notice of appeal for a criminal case must
be filed:
(1) within 30 days after the day sentence is imposed or suspended in open court, or after the
day the trial court enters an appealable order . . . .

Tex. R. App. P. 26.2(a)(1). Morrisâ notice of appeal was filed over a year after sentence was
imposed. 
Â Â Â Â Â Â A notice of appeal which complies with the requirements of Rule 26 is essential to vest a court
of appeals with jurisdiction. Fowler v. State, 16 S.W.3d 426, 428 (Tex. App.âWaco 2000, pet.
refâd) (citing Slaton v. State, 981 S.W.2d 208, 209 (Tex. Crim. App. 1998); Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996)). If an appeal is not timely perfected, a court of appeals
does not obtain jurisdiction to address the merits of the appeal and can take no action other than
to dismiss the appeal. Id. Thus, because Morrisâ notice of appeal was untimely according to Rule
26, we are without jurisdiction to consider the merits of his appeal. Id. The appeal is dismissed
for want of jurisdiction. 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Appeal dismissed
Opinion delivered and filed October 24, 2001
Do not publish
[CR25]



ry indicted Graham for felony theft) (a
person who knowingly provides false information to the grand jury or a law
enforcement official who has the discretion to decide whether to prosecute a
criminal violation cannot be said to have caused the prosecution if the
information was immaterial to the decision to prosecuteÂ).Â  Here, the grand
juryÂs decision not to prosecute would have been no different without the
information that Broadway claims was false; thus, that information, false or
not, was immaterial to the decision that the grand jury made.

Â Â Â Â Â Â Â Â Â Â Â  Finally, Âto recover for malicious
prosecution when the decision to prosecute is within another's discretion, the
plaintiff has the burden of proving that that decision would not have been made
but for the false information supplied by the defendant.ÂÂ  Id. at 78.Â  The
memo described below, prepared at SimpsonÂs direction prior to the presentation
of the matter to the grand jury, dispels the idea that any false information
Tranum gave was material to SimpsonÂs decision to present the matter to the
grand jury.

There is no evidence that a criminal prosecution
was commenced and no basis for the finding that Tranum initiated or procured a
prosecution.

lack of probable cause

Â 

Â Â Â Â Â Â Â Â Â Â Â  ÂCourts must be especially careful in
malicious prosecution cases to ensure that sufficient evidence supports each
element of liability.ÂÂ  Kroger Texas Ltd. Partnership v. Suberu, 216
S.W.3d 788, 795 (Tex. 2006) (Suberu spent four hours in jail after arrest; jury
acquitted her of misdemeanor theft).Â  However, an acquittal does not establish
the absence of probable cause.Â  Id. at 794.Â  Â[I]t is well settled that
a private citizen has no duty to investigate a suspect's alibi or explanation
before reporting a crime.ÂÂ  Id.Â  ÂIf the acts or omissions necessary to
constitute a crime reasonably appear to have been completed, a complainant's
failure to investigate does not negate probable cause.ÂÂ  Id.Â  Further,
any failure to fully disclose all relevant information to the District Attorney
is immaterial to the probable-cause inquiry.Â  Richey v. Brookshire Grocery
Co., 952 S.W.2d 515, 519 (Tex. 1997).

Included in exhibit 14 is a memorandum from Bruce
Beals, a legal assistant to District Attorney Simpson, stating as a conclusion:

Based on the interview with Niemeier (the
accountant), a review of the report he provided, BroadwayÂs employment
contract, the statement provided by Ms. B. J. Shaw, and the applicable portions
of the Texas Penal Code, it is my conclusion that there is reason to believe
that David C. Broadway intentionally misrepresented the amount of annual net
profit of Tranum Ford-Mercury in order to obtain a yearly bonus, thereby
unlawful (sic) appropriating funds (property) from Tranum.Â  These bonuses
totaled more than $20,000 but less than $100,000 during the period 1995 Â 2000.

Â 

Beals recommended that an indictment be prepared,
naming Broadway as the defendant, that the case be presented to the grand jury,
and that Niemeier and Ms. Shaw be called as witnesses.

The opinion discusses ÂTranumÂs decision to
prosecute,Â but the decision to present the information to the grand jury was
SimpsonÂs, and according to BealsÂs memo, the decision was based on NiemeierÂs
interview and report, the employment contract, and Ms. ShawÂs statement.Â  The
memo demonstrates conclusively that the District Attorney found that probable
cause existed to exercise his discretion to present the information to the
grand jury.Â  If probable cause existed for presentation to the grand jury, then
probable cause existed for Tranum to ask Simpson to investigate BroadwayÂs
actions.

Â 

Â 

Â EXEMPLARY
DAMAGES

Â Â Â Â Â Â Â Â Â Â Â  Finally, based on my view of the
malicious prosecution claim, I must disagree with the decision about the
exemplary damages award.

The jury found (1) $75,000 for reputation damages
and $500,000 for mental anguish damages for malicious prosecution, (2) $250,000
for mental anguish damages for slander, and (3) $750,000 for exemplary
damages.Â  We all agree that the $500,000 is not recoverable but disagree about
the $75,000.Â  Eliminating the reputation damages and mental anguish damages would
reduce the exemplary damages to $250,000 under Justice ReynaÂs analysis, with
which I agree.

SUMMARY

I would reform the trial courtÂs judgment to
delete the amounts awarded by the jury for compensatory damages for malicious
prosecution.Â  I would therefore also reform the judgment to limit the award of
exemplary damages to $250,000.

I respectfully dissent from the judgment.

Â 

Â 

Â 

Â 

BILL VANCE

Justice

Â 

Dissenting
opinion delivered and filed July 2, 2008








Â 









[1] Chief Justice Gray does not join Justice ReynaÂs
opinion.





[2] I have not found a case in which the plaintiff
who asserted a malicious prosecution claim was never formally charged with a
crime.