Tracy Hicks v. State










WITHDRAWN
4/3/2002




IN THE
TENTH COURT OF APPEALS
 

No. 10-01-369-CR

Â Â Â Â Â TRACY HICKS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # 29450
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â In August 1993, Tracy Hicks pleaded guilty to sexual assault enhanced by a prior felony
conviction. Pursuant to a plea recommendation, the court sentenced Hicks to forty yearsâ
imprisonment on the same day. Hicks filed a âMotion for New Trial Based upon Newly
Discovered Evidenceâ with the trial court on July 30, 2001, nearly eight years after imposition
of sentence. Hicks filed an âOriginal Notice of Appeal from the Trial Courtâs Denial


 of Motion
for New Trial Based Upon Newly Discovered Evidenceâ on October 15, 2001.
Â Â Â Â Â Â Former Rule of Appellate Procedure 31, in effect at the time of Hicksâs conviction, required
that a motion for new trial be âfiled within 30 days after date sentence is imposed or suspended
in open court.â Tex. R. App. P. 31(a)(1), 707-708 S.W.2d (Tex. Cases) xlix (Tex. Crim. App.
1986, amended 1997). The current rule provides the same deadline. See Tex. R. App. P. 21.4(a). 
Therefore, Hicksâs July 2001 motion for new trial is untimely. Moreover, the trial courtâs plenary
power to grant or deny any motion for new trial expired seventy-five days after imposition of
sentence. See Awadelkariem v. State, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998). 
Â Â Â Â Â Â Hicksâs motion for new trial and his corresponding notice of appeal are untimely. See Tex.
R. App. P. 26.2(a); State v. Riewe, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); Fowler v. State,
16 S.W.3d 426, 428 (Tex. App.âWaco 2000, pet. refâd). Because Hicks did not timely file his
notice of appeal, we lack jurisdiction over the appeal. Id. Accordingly, we dismiss the appeal
for want of jurisdiction.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis, 
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed March 27, 2002
Do not publish
[CRPM]



erty did not appraise for $185,000 and (b) the price was not renegotiated. 
It is undisputed that, after paragraph 11(1) had been drafted, all of the
parties agreed to change paragraph 5Âs designation of the $5,000 payment from
an earnest money deposit to a non-refundable deposit.[4]Â 
When there is a conflict between two provisions, the specific provision
controls over the general provision.Â  Ostrowski v. Ivanhoe Property Owners
Improvement AssÂn, 38 S.W.3d 248, 254 (Tex. App.ÂTexarkana 2001, pet.
denied).Â  More importantly, to the extent that added provisions conflict with a
formÂs provisions, the added provisions must be given effect over the formÂs provisions.Â 
McCreary v. Bay Area Bank & Trust, 68 S.W.3d 727, 732 (Tex. App.ÂHouston [14th Dist.] 2001, pet. dismÂd). Â The rationale for this rule is that the
added provisions are the immediate language and terms selected by the parties
themselves as setting forth their intentions, while the form is intended for
general use without reference to particular objects and aims.[5]Â 
 Id. Â We overrule the first issue.

In their second issue, the LaBradas
argue that the evidence is legally and factually insufficient to support the
trial courtÂs finding that HickmanÂs appraisal satisfied the special provision
that would allow the Griffiths to keep the $5,000 if the property appraised for
the full purchase price.[6]Â 
It is not disputed that the LaBradas agreed with having a second appraisal done,
that one (HickmanÂs) was done, and that the LaBradas were happy with itÂFabio testified
he thought it was legitimate.Â  Rollins, the first appraiser, testified that the
Hickman appraisal was legitimate but that he disagreed with it because its
comparables were not close enough in square footage.Â  He also criticized it
because an appraisal apprentice, rather than Hickman, had done significant work
on the appraisal, but Hickman had signed it, and because he thought the acreage
value was too high.Â  HickmanÂs $187,000 appraisal was in evidence, as was evidence
of the GriffithsÂ subsequent sale of the same property to other purchasers for
$185,000 (with minor improvements that Rollins said increased the value less
than $10,000, but without road exclusivity, which Rollins conceded was of some
value).Â  Rollins agreed that this subsequent sale could serve as a comparable.Â 
The evidence is legally and factually sufficient to support the trial courtÂs implied
finding that the Hickman appraisal satisfied the contractÂs special provision.Â 
The LaBradasÂ second issue is overruled.

In their third issue, the LaBradas
complain of the trial courtÂs award of attorneyÂs fees and $1,000 in additional
damages to the Griffiths.Â  A prevailing party cannot recover attorneyÂs fees
from an opposing party unless permitted by statute or a contract between the
parties.Â  Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 95 (Tex. 1999).Â  The contract provided for the recovery of reasonable attorneyÂs fees to the Âprevailing
party in any legal proceeding brought under or with respect to the transaction.
. . .ÂÂ  Whether in defense to the LaBradasÂ claim for the $5,000 or on their
counterclaim to keep it, the Griffiths prevailed.Â  The trial court properly
awarded them attorneyÂs fees of $5,000, and the Griffiths are entitled to an
additional $3,500 in appellate attorneyÂs fees.

The general rule for measuring damages
for breach of contract is Âjust compensation for the loss or damage actually
sustained.ÂÂ  Stewart v. Basey, 150 Tex. 666, 245 S.W.2d 484, 486
(1952).Â  A claimant generally is entitled to all actual damages necessary to
put it in the same economic position that it would have been in had the
contract not been breached.Â  Abraxas Pet. Corp. v. Hornburg, 20 S.W.3d
741, 761 (Tex. App.ÂEl Paso 2000, no pet.).Â  The contract called for the
LaBradas to pay for the appraisal.Â  It is undisputed that the LaBradas wanted a
second appraisal, that Hickman did an appraisal, and that the GriffithsÂnot the
LaBradasÂpaid the $400 appraisal fee.[7]Â 
But the $600 Âlisting feeÂ that the Griffiths paid before they ever met the
LaBradas cannot have resulted from the contract breach, and the GriffithsÂ position is that the $5,000 non-refundable deposit was to compensate them for
taking the property off the market.Â  We overrule in part and sustain in part
the LaBradasÂ third issue.

We modify the trial courtÂs judgment to
award actual damages to the Griffiths of $400.Â  Because the Griffiths have been
successful in this appeal, they are entitled to recover an additional
attorneyÂs fee of $3,500 from the LaBradas.Â  As modified, the judgment is
affirmed.

Â 

Â 

BILL VANCE

Justice

Â 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray concurs in the
judgment only with a note.Â  ÂBased on the issues as briefed and argued on
appeal, I concur in the judgment.Â)

Affirmed
as modified

Opinion
delivered and filed April 26, 2006

[CV06]









Â Â Â  [1]Â Â Â Â Â Â Â Â Â Â  At
the same time, the LaBradas leased the property for a year from the Griffiths for $1,500 a month. Â The Griffiths had built the house for the sole purpose of
reselling it with acreage.Â  

Â 





Â Â Â  [2]Â Â Â Â Â Â Â Â Â Â  Because
the Griffiths were taking the property off the market during the LaBradasÂ
lease in contemplation of the LaBradasÂ purchase, the purpose of the deposit was
to compensate the Griffiths if the sale did not close.Â  Kathy discussed this
purpose with Fabio and the LaBradasÂ agent.Â  Fabio paid the $5,000 deposit to
the Griffiths and authorized them to cash it.Â  Fabio and Kathy both signed a
receipt for the $5,000 deposit with the notation Ânon-refundable.ÂÂ  Because the
LaBradas expected the deal to go through, they also expected to receive the
$5,000 deposit as a credit at closing.

Â 





Â Â Â  [3]Â Â Â Â Â Â Â Â Â Â  In
a letter ruling, the trial court found that HickmanÂs appraisal satisfied the
contractÂs condition that made the $5,000 deposit non-refundable, that the
$5,000 payment was a non-refundable deposit, rather than earnest money, and
that if other money had been tendered as earnest money, the contractÂs other
provisions on the return of earnest money would have applied.





Â Â Â  [4]Â Â Â Â Â Â Â Â Â Â  The
change to paragraph 5 made clearer the partiesÂ intent that the payment be a
nonrefundable deposit controlled by paragraph 11(1), rather than handled as
traditional earnest money.Â  This construction also comports with the circumstances
surrounding the contract:Â  the Griffiths took the property off the market;
Fabio signed a receipt describing the $5,000 payment as non-refundable and told
the Griffiths they could cash it, which they did; and the $5,000 was not
tendered to a traditional escrow agent, such as a title company, and held in
escrow pending the closing.

Â 





Â Â Â  [5]Â Â Â Â Â Â Â Â Â Â  Because
the parties subsequently clarified that the $5,000 payment was a non-refundable
deposit, the result is that no earnest money was paid and paragraph 11(1)
controlled whether the deposit would be returned.Â  We therefore reject the
LaBradasÂ reliance on the formÂs numerous references to earnest money and their
contention that the formÂs earnest money provisions conflict with the partiesÂ
added paragraphs.

Â 





Â  Â Â [6]Â Â Â Â Â Â  In reviewing the legal
sufficiency of the evidence, we view the evidence in the light favorable to the
verdict, crediting favorable evidence if a reasonable factfinder could, and
disregarding contrary evidence unless a reasonable factfinder could not. Â City of Keller v. Wilson,
168 S.W.3d 802, 807 (Tex. 2005).Â  There is legally insufficient evidence or Âno
evidenceÂ of a vital fact when (a) there is a complete absence of evidence of a
vital fact; (b) the court is barred by rules of law or of evidence from giving
weight to the only evidence offered to prove a vital fact; (c) the evidence
offered to prove a vital fact is no more than a mere scintilla; or (d) the
evidence conclusively establishes the opposite of the vital fact.Â  Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997).Â  More than a scintilla of evidence exists when
the evidence supporting the finding, as a whole, Ârises to a level that would
enable reasonable and fair-minded people to differ in their conclusions.ÂÂ  Havner, 953 S.W.2d at 711
(quoting Burroughs Wellcome
Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995)).

Â 

When the party without
the burden of proof at trial complains of the factual sufficiency of the
evidence to support an adverse express or implied finding, we must consider and
weigh all of the evidence, not just the evidence that supports the verdict.Â  Maritime
Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998); Checker Bag
Co. v. Washington, 27 S.W.3d 625, 633 (Tex. App.ÂWaco 2000, pet. denied).Â 
We will set aside the finding only if it is so contrary to the overwhelming
weight of the evidence that the finding is clearly wrong and unjust.Â  Ellis,
971 S.W.2d at 407. Â Reversal can occur because the finding was based on weak or
insufficient evidence or because the proponent's proof, although adequate if
taken alone, is overwhelmed by the opponent's contrary proof.Â  Checker Bag,
27 S.W.3d at 633.

Â 





Â Â Â  [7]Â Â Â Â Â Â Â Â Â Â  Other
than a specific claim for the $5,000 deposit in their counterclaim, the Griffiths only generally prayed for Âall further reliefÂ to which they were entitled.Â  The
 GriffithsÂ additional damages, to the extent legally recoverable, were thus tried
by consent.Â  See National Convenience Stores, Inc. v. Erevia, 73 S.W.3d
518, 522 (Tex. App.ÂHouston [1st Dist.] 2002, pet. denied).