IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00075-CR

 

Paula Michelle Osborne,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 18th District Court

Johnson County, Texas

Trial Court No. F41677

 



MEMORANDUM  Opinion










 

            Paula Michelle Osborne appeals her
conviction for theft by check of over $1500.  The judgment recites that Osborne
was sentenced in open court on January 11, 2008.  No motion for new trial was filed.  The notice of appeal was, therefore, due to be filed on February 11, 2008.  Tex. R. App. P.
26.2(a)(1).  Appellant’s notice of appeal was not filed until February 28, 2008, 17 days late.

            By letter, the Clerk of this Court
notified Osborne that the appeal was subject to dismissal for want of
jurisdiction because the notice of appeal appeared untimely.  The Clerk also
warned Osborne that her appeal may be dismissed unless, within 21 days from the
date of the letter, Osborne filed a response showing grounds for continuing the
appeal.  Osborne filed a response on March 13, 2008 in the form of a motion for extension of time to file a notice of appeal explaining that counsel did not
receive notice of his appointment as counsel until after the deadline had
passed for filing the notice of appeal.  However, the motion was not timely
filed and does not provide us with any means to assert our jurisdiction over
this appeal.  See Tex. R. App. P.
26.3.  A timely notice of appeal is necessary to invoke a court of appeals'
jurisdiction.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996); Rodarte v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993); Shute
v. State, 744 S.W.2d 96 (Tex. Crim. App. 1988).  Osborne’s notice of appeal
was not timely.  We do not have jurisdiction of this appeal.  

            Accordingly, Osborne’s motion for
extension of time to file her notice of appeal is denied, and this appeal is
dismissed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Justice
Vance concurs with the judgment with a note) *

Appeal
dismissed

Opinion
delivered and filed April 30, 2008

Do
not publish

[CR25]

 

            *
“(Rule 26.2 is somewhat ambiguous in providing a time limit running from “the
day sentence is imposed or suspended in open court, or after the day the trial
court enters an appealable order.”  Tex.
R. App. P. 26.2(a)(1).  Appeals are taken from judgments, not sentences,
so the judgment is an appealable order.  Here, the judgment was signed on
January 15, 2008 and a notice of appeal was filed on February 28.  It would be
timely if measured from the date of the judgment rather than the sentence
and if we could imply a motion for extension of time in criminal cases as we do
in civil appeals.  See Fowler v. State, 16 S.W.3d 426, 428 (Tex. App.—Waco 2000, pet. ref’d) (per curiam) (discussing difference in civil and criminal
requirements).  Although it seems to be a waste of judicial resources,
Osborne’s only remedy, if any, is an application for writ of habeas corpus
seeking an out-of-time appeal.  See Portley v. State, 89 S.W.3d 188 (Tex. App.—Texarkana 2002, no pet.) (discussing untimely appointment of counsel and remedy
through habeas corpus).  We should be given authority to recognize and honor
good-faith attempts to perfect a direct appeal in a non-capital criminal case.)”






ses out of an intentional tort and is
barred by the Tort Claims Act.

In her amended petition, DeRouen alleges
that she was handcuffed in a “negligent manner” and suffered injury to her
“neck, arms, and hands as a result of the negligent condition use [sic], misuse
of tangible property.”  In her deposition, DeRouen testified that the handcuffs
“must have been too tight.”  She testified that officers acted maliciously,
intended to harm her, and “wanted to teach me a lesson.”  She testified that
the handcuffs were negligently applied because she “ended up being hurt.”

The Tort Claims Act bars claims “arising
out of assault, battery, false imprisonment, or any other intentional tort…”  Tex.
Civ. Prac. & Rem. Code Ann. § 101.057(2) (Vernon 2005); see also State Dep’t of Pub. Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001).  “If a plaintiff pleads facts which
amount to an intentional tort, no matter if the claim is framed as negligence,
the claim generally is for an intentional tort and is barred by the TTCA.”  City of Waco v. Williams, 209 S.W.3d 216, 222 (Tex. App.—Waco
2006, pet. denied) (quoting Harris County v. Cabazos, 177 S.W.3d 105,
111 (Tex. App.—Houston [1st Dist.] 2005, no pet.)).  “A plaintiff cannot circumvent the
intentional tort exception by couching his claims in terms of negligence.”  Id.

DeRouen alleges no facts to support her
claim that officers negligently applied the handcuffs.  Based on her deposition
testimony, the specific conduct of which she complains, i.e., applying
the handcuffs too tight with intent to hurt or teach her a lesson, is
intentional.  See Petta, 44 S.W.3d at 580; see also Williams, 209 S.W.3d at 223;
Cameron County v. Ortega, 291 S.W.3d 495, 499 (Tex. App.—Corpus Christi
2009, no pet.); City of Garland v. Rivera, 146 S.W.3d 334, 338 (Tex. App.—Dallas
2004, no pet.); City of Laredo v. Nuno, 94 S.W.3d 786, 789 (Tex.
App.—San Antonio 2002, no pet.);
San Antonio v. Dunn, 796 S.W.2d 258, 261 (Tex. App.—San
Antonio 1990, writ denied).
 We conclude that DeRouen is attempting to circumvent the intentional tort
exception by merely alleging negligence.  The trial court properly granted the
County’s traditional motion for summary judgment.

Given our disposition regarding the
County’s traditional motion for summary judgment, we need not address the trial
court’s granting of the County’s no-evidence motion.  See Tex. R. App. P. 47.1.  We affirm the
trial court’s judgment.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed 

Opinion
delivered and filed September 1, 2010

[CV06]









[1]
              The trial court also
granted Scaman’s motion to dismiss filed in his individual capacity.