

# IN THE
# TENTH COURT OF APPEALS

No. 10-08-00316-CR
No. 10-08-00325-CR

LARRY DONNELL BLUE,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the 85th District Court
Brazos County, Texas
Trial Court Nos. 06-00734-CRM-85 and 06-01295-CRF-85

## MEMORANDUM  OPINION

Larry Donnell Blue filed his notices of appeal in these cases 102 days after the court imposed sentence.  The Clerk of this Court notified the parties that these appeals are subject to dismissal for want of jurisdiction because it appears that the notices of appeal are untimely.  Blue has responded with a Motion to Reinstate in which he contends the notices of appeal are timely because they were filed within 30 days after his motions for new trial would have been overruled by operation of law.  We disagree and will dismiss these appeals.

The trial court imposed sentence in both cases on May 8, 2008.[1] Blue timely filed motions for new trial on May 28. *See* TEX. R. APP. P. 21.4(a). The trial court signed an order denying both motions for new trial on June 19, but this order was not entered on the record until August 19. Blue filed his notices of appeal on August 18.

Blue states that he did not receive notice of the court's order denying his motions for new trial until August 12.[2] He suggests that the deadline for his notice of appeal should be calculated from the date when his motions for new trial would have been overruled by operation of law—July 22.[3] He then cites Rule of Appellate Procedure 26.2(a)(1) for the proposition that a notice of appeal is not due until thirty days after the entry of an appealable order. *Id.* 26.2(a)(1).

An order denying a motion for new trial is not an independently "appealable order" as that term is used in Rule 26.2(a)(1). And a trial court's inaction which allows a motion for new trial to be overruled by operation of law cannot in any way be described as an "appealable order" which the court has "entered" as required by this rule.

---

[1]      Blue was convicted in trial court cause no. 06-00734-CRM-85 (appellate cause no. 10-08-00316-CR) of resisting transportation (a misdemeanor) and in trial court cause no. 06-01295-CRF-85 (appellate cause no. 10-08-00325-CR) of evading detention with a vehicle (a felony). The trial court imposed sentence in both cases on May 8 and signed the judgment in the misdemeanor case on the same date. The court did not sign the judgment in the felony case until May 14. Nevertheless, appellate deadlines in criminal appeals are calculated from the date of imposition of sentence, rather than the date the judgment is signed. *See* TEX. R. APP. P. 26.2(a); *cf. id.* 26.1 (in civil appeals, appellate deadlines are calculated from the date the judgment is signed).

[2]      Blue also suggests that the trial court may not have actually signed the order denying his motions for new trial until August 12 notwithstanding the notation that the order was signed on June 19. As will be seen however, the date the trial court signed this order is irrelevant for purposes of calculating appellate deadlines.

[3]      Blue says this date would be July 23, but our calculations show that July 22 is 75 days after the date of imposition of sentence. *Id.* 21.8.

Rather, when a criminal defendant seeks to appeal a judgment of conviction, the deadline for the notice of appeal is calculated from the date "sentence is imposed or suspended in open court." *Id.* 26.2(a). If no motion for new trial is timely filed, the notice of appeal is due in thirty days. *Id.* 26.2(a)(1). Conversely, if a motion for new trial is timely filed (regardless of the court's ruling on that motion), the notice of appeal is due in ninety days. *Id.* 26.2(a)(2). And these deadlines may be extended if the defendant files an extension request within fifteen days after the applicable deadline. *Id.* 26.3.

Here, because Blue timely filed motions for new trial in both cases, his notices of appeal were due on or before August 6. *Id.* 26.2(a)(2). Any extension request would have been due on or before August 21. *Id.* 26.3. Blue did not file his notices of appeal until August 18. He did not file an extension request. Accordingly, we deny Blue's motion to reinstate these appeals and dismiss both appeals for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Fowler v. State*, 16 S.W.3d 426, 428 (Tex. App.—Waco 2000, pet. ref'd).

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Vance, and
     Justice Reyna
Appeals dismissed
Opinion delivered and filed October 1, 2008
Do not publish
[CR25]