

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00283-CR

**CHRISTOPHER ALAN ROBINSON,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

_____

**From the 249th District Court
Johnson County, Texas
Trial Court No. F43658**

---

## DISSENTING OPINION

---

I dissent to the Court's order that dismisses all pending requests for relief on the basis that the Court lacks jurisdiction.

By way of background, a notice of appeal was timely filed on September 2, 2009 by Appellant's counsel, who had been appointed to represent Appellant in this appeal. On October 2, 2009, Appellant's attorney filed a "motion to dismiss and waive appeal and to withdraw notice of appeal." Attached to the motion to dismiss was Appellant's September 16, 2009 handwritten letter to the trial judge, appearing to request that no

appeal be taken. The Court therefore dismissed the appeal in a memorandum opinion dated October 14, 2009.

Appellant's appointed counsel thereafter provided the Court with a copy of an October 26, 2009 letter that he sent to Appellant, which included a copy of our dismissal opinion and stated that counsel's representation was concluded and he was not planning to take any further action on Appellant's behalf.[1]

On November 12, 2009, the Court received a *pro se* letter[2] from Appellant stating, "Even though I have written a letter to the judge about the appeal I have in no way filed any motion in this appeal. I do wish to go forward with this appeal so that I may be offered or plea bargain for less time."

On January 5, 2010, Appellant's appointed appellate counsel filed (1) a motion to withdraw the prior "motion to dismiss and to withdraw notice to appeal," and (2) a motion for rehearing. It states: "Counsel for the Appellant has received a communication from the Appellant indicating that he has changed his mind and does not wish to dismiss and waive this appeal and to withdraw his notice of appeal." It requests the Court to withdraw the prior dismissal, to grant rehearing, and to reinstate this appeal.

---

[1] In a December 2, 2009 letter to the Court requesting copies of documents in this appeal, Appellant states, regarding the motion filed by his counsel, "It appears as though I have been abandoned."

[2] The November 12 letter does not contain proof of service as required by the Texas Rules of Appellate Procedure. On December 15, 2009, the Court received another *pro se* letter from Appellant asking the Court to disregard the "motion to dismiss and waive appeal and to withdraw notice of appeal" and stating, "If this motion has been granted then please construe this letter as my motion to re-instate my appeal." This letter also lacks proof of service. To expedite this matter, I would implement Appellate Rule 2 to suspend Rule 9.5's service and proof-of-service requirements for the November 12 and December 15 letters and direct the Clerk to send copies to the State. TEX. R. APP. P. 2, 9.5.

Thereafter, the Court questioned its jurisdiction and requested the parties to brief the issue of the Court's ability to withdraw the prior judgment of dismissal and reinstate the appeal. The State and Appellant's appointed counsel have filed briefs.

I believe that the Court should construe Appellant's *pro se* November 12, 2009 letter as a motion for rehearing.[3] Because the November 12 letter was not filed within 15 days of the Court's October 14, 2009 opinion and judgment, it is untimely.[4] *See* TEX. R. APP. P. 49.1 (motion for rehearing may be filed within 15 days after court of appeals' judgment is rendered). But a court of appeals may extend the time for filing a motion for rehearing if a party files a motion for extension of time (complying with Rule 10.5(b)) no later than 15 days after the last date for filing the motion for rehearing. *See* TEX. R. APP. P. 49.8. A motion for extension of time can be implied by the filing of a motion for rehearing within the 15 days for filing a motion for extension of time if the appellant thereafter files a motion complying with Rule 10.5(b)(1). *Cf. In re B.G.,* 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, order); *see also* TEX. R. APP. P. 2.

---

[3] At the time of Appellant's November 12 letter, it appears that Appellant was no longer being represented by his appointed counsel, given counsel's October 26 letter to Appellant and Appellant's *pro se* December 2 letter to the Court. To the extent that Appellant was still being represented by counsel (which I doubt,), I note that a criminal appellant has no right to hybrid representation. *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001); *Meyer v. State*, 27 S.W.3d 644, 648 (Tex. App.—Waco 2000, pet. ref'd). For example, when an appellant has counsel and counsel has filed a brief, the appellant has no *right* to file a *pro se* brief. But this prohibition on hybrid representation is not absolute. *See, e. g., Warren v. State*, 98 S.W.3d 739, 741 (Tex. App.—Waco 2003, pet. ref'd). We can consider *pro se* issues in the interest of justice even though an appellant has no right to hybrid representation. *See Williams v. State*, 946 S.W.2d 886, 892 (Tex. App.—Waco 1997, no pet.); *see also Guyton v. State*, 2009 WL 290935, at *2 (Tex. App.—Waco Feb. 6, 2009, pet. granted) (not designated for publication). Given our precedent and the circumstances in this case, I would find that the interests of justice require us to address Appellant's November 12 *pro se* letter.

[4] Counsel's January 5, 2010 motion for rehearing is untimely.

Absent a timely filed motion for extension of time, a court of appeals may not imply a motion for extension of time with an untimely *notice of appeal* in a criminal case. *See Fowler v. State,* 16 S.W.3d 426, 428 (Tex. App.—Waco 2000, pet. ref'd) (citing *Slaton v. State,* 981 S.W.2d 208, 209 (Tex. Crim. App. 1998), and *Olivo v. State,* 918 S.W.2d 519, 523 (Tex. Crim. App. 1996)). This authority and the rationale in *Olivo* are not applicable here because we had jurisdiction of Robinson's appeal and jurisdiction to utilize Rule 2.[5]

Rather than dismiss for lack of jurisdiction all of the pending requests for relief, I believe that the Court should, with respect to the *pro se* November 12, 2009 letter being construed as a motion for rehearing, require Appellant, through his counsel, to file a motion for extension of time. If a proper motion for extension of time were filed and granted, the *pro se* November 12 letter, construed as a motion for rehearing, would be timely and our plenary jurisdiction will not have expired.

I respectfully dissent.

REX D. DAVIS
Justice

Dissenting Opinion delivered and filed May 5, 2010
Do not publish

---

[5] In *Olivo*, the Court analyzed the issue as follows:

"Jurisdiction of a court must be legally invoked, and when not legally invoked, the power of the court to act is as absent as it if did not exist." [citation omitted] When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction. In that instance, a court of appeals lacks jurisdiction over the purported appeal, and therefore, lacks the power to invoke Rule 2(b) ... in an effort to obtain jurisdiction of the case. Consequently, a court of appeals may not utilize Rule 2(b) ... to create jurisdiction where none exists. [citation omitted]

*Olivo,* 918 S.W.2d at 523.