IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00283-CR

 

Christopher Alan Robinson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 249th District
Court

Johnson County, Texas

Trial Court No. F43658

 



Dissenting opinion



 

I dissent to the Court’s order that
dismisses all pending requests for relief on the basis that the Court lacks
jurisdiction.

By way of background, a notice of appeal
was timely filed on September 2, 2009 by Appellant’s counsel, who had been
appointed to represent Appellant in this appeal.  On October 2, 2009, Appellant’s
attorney filed a “motion to dismiss and waive appeal and to withdraw notice of
appeal.”  Attached to the motion to dismiss was Appellant’s September 16, 2009 handwritten
letter to the trial judge, appearing to request that no appeal be taken.  The
Court therefore dismissed the appeal in a memorandum opinion dated October 14,
2009.

Appellant’s appointed counsel thereafter
provided the Court with a copy of an October 26, 2009 letter that he sent to
Appellant, which included a copy of our dismissal opinion and stated that
counsel’s representation was concluded and he was not planning to take any
further action on Appellant’s behalf.[1]

On November 12, 2009, the Court received
a pro se letter[2]
from Appellant stating, “Even though I have written a letter to the judge about
the appeal I have in no way filed any motion in this appeal.  I do wish to go
forward with this appeal so that I may be offered or plea bargain for less time.”

On January 5, 2010, Appellant’s
appointed appellate counsel filed (1) a motion to withdraw the prior “motion to
dismiss and to withdraw notice to appeal,” and (2) a motion for rehearing.  It
states:  “Counsel for the Appellant has received a communication from the
Appellant indicating that he has changed his mind and does not wish to dismiss
and waive this appeal and to withdraw his notice of appeal.”  It requests the
Court to withdraw the prior dismissal, to grant rehearing, and to reinstate
this appeal.

Thereafter, the Court questioned its
jurisdiction and requested the parties to brief the issue of the Court’s
ability to withdraw the prior judgment of dismissal and reinstate the appeal. 
The State and Appellant’s appointed counsel have filed briefs.

I believe that the Court should construe
Appellant’s pro se November 12, 2009 letter as a motion for rehearing.[3] 
Because the November 12 letter was not filed within 15 days of the Court’s
October 14, 2009 opinion and judgment, it is untimely.[4] 
See Tex. R. App. P. 49.1
(motion for rehearing may be filed within 15 days after court of appeals’
judgment is rendered).  But a court of appeals may extend the time for filing a
motion for rehearing if a party files a motion for extension of time (complying
with Rule 10.5(b)) no later than 15 days after the last date for filing the
motion for rehearing.  See Tex.
R. App. P. 49.8.  A motion for extension of time can be implied by the
filing of a motion for rehearing within the 15 days for filing a motion for
extension of time if the appellant thereafter files a motion complying with
Rule 10.5(b)(1).  Cf. In re B.G., 104 S.W.3d 565, 567 (Tex. App.—Waco
2002, order); see also Tex. R.
App. P. 2.

Absent a timely filed motion for
extension of time, a court of appeals may not imply a motion for extension of
time with an untimely notice of appeal in a criminal case.  See
Fowler v. State, 16 S.W.3d 426, 428 (Tex. App.—Waco 2000, pet. ref’d)
(citing Slaton v. State, 981 S.W.2d 208, 209 (Tex. Crim. App. 1998), and
Olivo v. State, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996)).  This
authority and the rationale in Olivo are not applicable here because we had
jurisdiction of Robinson’s appeal and jurisdiction to utilize Rule 2.[5]

Rather than dismiss for lack of
jurisdiction all of the pending requests for relief, I believe that the Court
should, with respect to the pro se November 12, 2009 letter being construed
as a motion for rehearing, require Appellant, through his counsel, to file a
motion for extension of time.  If a proper motion for extension of time were
filed and granted, the pro se November 12 letter, construed as a motion
for rehearing, would be timely and our plenary jurisdiction will not have
expired.

I respectfully dissent.

 

REX D. DAVIS

Justice

 

Dissenting
Opinion delivered and filed May 5, 2010

Do
not publish









[1] In a December 2, 2009 letter to the
Court requesting copies of documents in this appeal, Appellant states,
regarding the motion filed by his counsel, “It appears as though I have been
abandoned.”

 





[2] The November 12 letter does not contain proof
of service as required by the Texas Rules of Appellate Procedure.  On December 15, 2009,
the Court received another pro se letter from Appellant asking the Court
to disregard the “motion to dismiss and waive appeal and to withdraw notice of
appeal” and stating, “If this motion has been granted then please construe this
letter as my motion to re-instate my appeal.”  This letter also lacks proof of
service.  To expedite this matter, I would implement Appellate Rule 2 to
suspend Rule 9.5’s service and proof-of-service requirements for the November
12 and December 15 letters and direct the Clerk to send copies to the State.  Tex. R. App. P. 2, 9.5.





[3] At the time of
Appellant’s November 12 letter, it appears that Appellant was no longer being
represented by his appointed counsel, given counsel’s October 26 letter to
Appellant and Appellant’s pro se December 2 letter to the Court.  To the
extent that Appellant was still being represented by counsel (which I doubt,),
I note that a criminal appellant has no right to hybrid representation.  Ex
parte Taylor, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001); Meyer v. State,
27 S.W.3d 644, 648 (Tex. App.—Waco 2000, pet. ref’d).  For example, when an
appellant has counsel and counsel has filed a brief, the appellant has no right
to file a pro se brief.  But this prohibition on hybrid representation
is not absolute.  See, e. g., Warren v. State, 98 S.W.3d 739, 741 (Tex.
App.—Waco 2003, pet. ref’d).  We can consider pro se issues in the
interest of justice even though an appellant has no right to hybrid
representation.  See Williams v. State, 946 S.W.2d 886, 892 (Tex.
App.—Waco 1997, no pet.); see also Guyton v. State, 2009 WL 290935, at *2 (Tex. App.—Waco Feb. 6, 2009,
pet. granted) (not designated for publication).  Given our precedent and the circumstances
in this case, I would find that the interests of justice require us to address Appellant’s
November 12 pro se letter.

 





[4] Counsel’s January 5, 2010 motion for
rehearing is untimely.

 





[5] In Olivo, the Court analyzed the
issue as follows:

“Jurisdiction of a court must be legally
invoked, and when not legally invoked, the power of the court to act is as
absent as it if did not exist.”  [citation omitted]  When a notice of appeal,
but no motion for extension of time, is filed within the fifteen-day period,
the court of appeals lacks jurisdiction to dispose of the purported appeal in
any manner other than by dismissing it for lack of jurisdiction.  In that
instance, a court of appeals lacks jurisdiction over the purported appeal, and
therefore, lacks the power to invoke Rule 2(b) ... in an effort to obtain
jurisdiction of the case.  Consequently, a court of appeals may not utilize
Rule 2(b) ... to create jurisdiction where none exists. [citation omitted]

Olivo,
918 S.W.2d at 523.